# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| EFRAIN RIVERA, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 10-1619 |
| | : | |
| | : | |
| RAGAN & RAGAN, P.C., | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                                           **JUNE 25, 2010**

      Presently before the Court is Defendant Ragan & Ragan, P.C.'s ("Ragan") Motion to Dismiss the Complaint of Plaintiff Efrain Rivera ("Rivera") pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. For the reasons set forth below, this Motion will be denied.

**I.    BACKGROUND**

      Rivera brings this action against the debt collection law firm, Ragan, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (the "FDCPA"). Rivera asserts that in or around October 2009, upon reviewing his credit report, he learned that a judgment in the amount of $8,375.00 had been entered against him without his knowledge. (Compl. ¶¶ 12-13.) Rivera asserts that on October 19, 2009, he contacted Ragan to inquire about the judgment, but was told by an employee named "Danielle" that she had little information regarding the debt other than it was owed to Citibank. (Compl. ¶ 17.) The next day, Rivera again called Ragan and told employee Danielle that he had placed a fraud alert on his credit

report because he suspected identity fraud, and that he also reported the matter to the police (Compl. ¶¶ 34-35.) Rivera states that he was then transferred to another employee named "Vicky" who gave him the sole option to pay his debt. When Rivera told Vicky that he was unaware of any court proceedings, she refused to assist him and advised him to get an attorney. (Compl. ¶¶ 39-40.) Several days later, Rivera again spoke with Vicky who refused to listen to him and hung up on him. Rivera further states that later that day, Rivera spoke with a "Mr. Ragan" who told him he had very little information about the debt because of its age, and would only discuss payment arrangements with him. (Compl. ¶¶ 45-47.) Rivera asserts that Mr. Ragan acknowledged that he had no proof that Rivera made any of the underlying transactions which led to the alleged debt. Mr. Ragan again refused to help, and instead, only told Rivera to retain counsel. (Compl. ¶¶ 49-50.) Rivera also avers that within five days following its initial communication with him, Ragan failed to send to him written notification advising him of his right to dispute the debt or request verification of the debt. (Compl. ¶ 51.)

Rivera filed his Complaint against Ragan on April 13, 2010 alleging the following violations of the FDCPA: (1) "[h]arassing, oppressing or abusing Plaintiff in connection with the collection of a debt in violation of 15 U.S.C. § 1692d"; (2) "[m]isrepresenting the amount of the debt and failing to provide an explanation as to how the debt increased in violation of 15 U.S.C. § 1692e(2)"; (3) "[u]sing deceptive means to collect a debt in violation of 15 U.S.C. § 1692e(10)"; (4) "[u]sing unfair or unconscionable means to collect or attempt to collect any debt, in violation 15 U.S.C. § 1692f"; (5) "[t]he collection of additional amounts not expressly authorized in violation of 15 U.S.C. § 1692f(1)"; (6) "[f]ailing to send Plaintiff written notice of the amount of the debt, the name of the creditor to whom the debt is owed, and his right to

dispute the debt and/or seek verification of the debt within five days of their initial contact with Plaintiff in violation of 15 U.S.C. § 1692g"; and (7) "acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA." (Compl. ¶ 56.)

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(1), when "considering a motion to dismiss for lack of subject matter jurisdiction, the person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." Fed. Realty Inv. Trust v. Juniper Props. Group, No. 99-3389, 2000 WL 45996, at *3 (E.D. Pa. Jan. 21, 2000) (citing Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993)). The district court, when reviewing a motion to dismiss for lack of subject matter jurisdiction, "must accept as true the allegations contained in the plaintiff's complaint, except to the extent federal jurisdiction is dependent on certain facts." Id. (citing Haydo v. Amerikohl Mining, Inc., 830 F.2d 494, 496 (3d Cir. 1987)). The district court is not confined to the face of the pleadings when deciding whether subject matter jurisdiction exists. Id. (citing Armstrong World Indus. v. Adams, 961 F.2d 405, 410 n.10 (3d Cir. 1992)). "In assessing a Rule 12(b)(1) motion, the parties may submit and the court may consider affidavits and other relevant evidence outside of the pleadings." Id. (citing Berardi v. Swanson Mem'l Lodge No. 48 of Fraternal Order of Police, 920 F.2d 198, 200 (3d Cir. 1990)). In the case where the defendant attacks jurisdiction with supporting affidavits, "the plaintiff has the burden of responding to the facts so stated." Id. "A conclusory response or a restatement of the allegations of the complaint is not sufficient." Id. (citing Int'l Ass'n of Machinists & Aerospace Workers v. N.W. Airlines, Inc., 673 F.2d 700, 711 (3d Cir. 1982)).

**III.    DISCUSSION**

In the instant case, Ragan asserts that the Complaint should be dismissed for want of subject matter jurisdiction pursuant to the application of the Rooker-Feldman doctrine. The Rooker-Feldman doctrine derives its name from two Supreme Court decisions, Rooker v. Fidelity Trust Comany, 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). "The Rooker-Feldman Doctrine bars federal jurisdiction under two circumstances: if the claim was 'actually litigated' in state court or if the claim is 'inextricably intertwined' with the state court adjudication." ITT Corp. v. Intelnet Int'l Corp., 366 F.3d 205, 210 (3d Cir. 2004). In determining whether an issue was "actually litigated" by the state court, "a plaintiff must present its federal claims to the state court, and the state court must decide those claims." Id. at 210 n.8 (citing Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 419 (3d Cir. 2003)). Determining that a claim was "actually litigated" "requires that the state court has considered and decided precisely the same claim that the plaintiff has presented to the federal court." Id.

The Third Circuit Court of Appeals defined whether claims are "inextricably intertwined" with the state court adjudication by stating:

> State and federal claims are inextricably intertwined (1) when in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered [or] (2) when the federal court must . . . take action that would render [the state court's] judgment ineffectual. . . . If the relief requested in the federal action requires determining that the state court's decision is wrong or would void the state court's ruling, then the issues are inextricably intertwined and the district court has no subject matter jurisdiction to hear the suit.

Desi's Pizza, 321 F.3d at 421. As noted by the Third Circuit, "the first step in a

4

Rooker-Feldman analysis is to determine exactly what the state court held." Id. (citing Gulla v. N. Strabane Twp., 146 F.3d 168, 171 (3d Cir. 1998)).

The Supreme Court revisited this doctrine in Exxon Mobil Corporation v. Saudi Basic Industries Corporation, 544 U.S. 280 (2005). In Exxon Mobil, the Court observed that the Rooker-Feldman doctrine had "sometimes been construed to extend far beyond the contours of the Rooker and Feldman cases." 544 U.S. at 283. The Court clarified that the scope of the doctrine is "confined" to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id. at 284; accord Lance v. Dennis, 546 U.S. 459 (2006) (observing that the Court in Exxon Mobil explained that Rooker-Feldman is a "narrow doctrine"). The Court added: "[i]f a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party[,] . . . then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.'" Exxon Mobil, 544 U.S. at 293.

Ragan asserts in its Motion that the Rooker-Feldman doctrine has often been applied in cases such as the instant case to dismiss an action brought pursuant to the FDCPA after a state court judgment has been entered. (Mot. Dismiss at 2.) Rivera argues that the Rooker-Feldman doctrine as narrowed by Exxon Mobile, does not prevent a district court from exercising subject matter jurisdiction where a state court judgment exists, and a plaintiff brings an independent claim(s) from the state court action in federal court. (Resp. Mot. Dismiss at 14.) We agree with Rivera's position.

In support of its position, Ragan cites two post-Exxon Mobile cases, Kelley v. Med-1

5

Solutions, LLC, 548 F.3d 600 (7th Cir. 2008), and Bryant v. Gordan and Wong Law Group, PC, 681 F. Supp. 2d 1205 (E.D. Cal. 2010). However, both of these cases are unpersuasive and distinguishable from the instant case. In Kelley, the court determined that the Rooker-Feldman doctrine barred subject matter jurisdiction because the federal claims brought under the FDCPA were not independent of the state court causes of action. The court determined that the plaintiff's federal court claims alleging that the defendant debt collection agency had violated the FDCPA by seeking attorney fees in state court collection actions, and by misrepresenting that the agency was entitled to such fees, were not independent of the state court's award of attorney fees to the agency. The court reasoned that under Indiana law, the debt collection agency needed to prevail in state court in order to obtain an attorney fee award, and thus, a federal court hearing FDCPA action would have to evaluate state court judgments. Kelley, 548 F.3d at 603.

Similarly, Bryant is not analogous to the instant action because the plaintiff's FDCPA claims were not independent of his state claims. In Bryant, the crux of the plaintiff's case rested on the allegation that the plaintiff was never served with the defendant's state court complaint and that his bank accounts were garnished without any prior notice. The court determined that in disputing the garnishment of his accounts, plaintiff was inherently challenging the entry of default against him and the writ of execution that authorized the garnishment. The court opined that the net effect was that the plaintiff was seeking to undermine the state court judgments, and that these judgments were rendered before the current district court proceeding. The court concluded that any action by the court on the FDCPA claims would necessarily require review of those state court judgments, and thus, the Rooker-Feldman doctrine barred subject matter jurisdiction. Bryant, 681 F. Supp. 2d at 1208.

Here, Rivera does not challenge the judgment against him in state court, but rather, only claims that Ragan's collection practices violated sections of the FDCPA. Thus, Rivera's claims in the instant Complaint are independent of the state judgment that was rendered against him, and the Rooker-Feldman doctrine does not preclude subject matter jurisdiction. In support of this conclusion we have found at least seven post-Exxon Mobile cases that have considered the applicability of the Rooker-Feldman doctrine to circumstances similar to those in this case, ie., where creditors or debt collectors obtain a judgment in state court but have their collection practices challenged in federal court under the FDCPA. Todd v. Weltman, Weinberg & Reis Co., L.P.A., 434 F.3d 432 (6th Cir. 2006); Anderson v. Gamache & Myers, P.C., No. 07-0336, 2007 WL 1577610, at *1 (E.D. Mo. May 31, 2007); Foster v. D.B.S. Collection Agency, 463 F. Supp. 2d 783 (S.D. Ohio 2006); Wyles v. Excalibur I, LLC, No. 05-2798, 2006 WL 2583200, at *1 (D. Minn. 2006); Senftle v. Landau, 390 F. Supp. 2d 463 (D. Md. 2005); see also Carvana v. MFG Fin., Inc., 547 F. Supp. 2d 1219, 1225 (D. Utah 2008); McCammon v. Bibler, Newman & Reynolds, P.A., 493 F. Supp. 2d 1166 (D. Kan. 2007). These courts all found that the Rooker-Feldman did not bar claims under the FDCPA where the plaintiff disputed the collection practices utilized by the debt collector, rather than the validity of the state court judgment. Todd, 434 F.3d at 437; Anderson, 2007 WL 1577610, at *6; Foster, 463 F. Supp. 2d at 798; Wyles, 2006 WL 2583200, at *7; Senftle, 390 F. Supp. 2d at 470; Carvana, 547 F. Supp. 2d at 1225; McCammon, 493 F. Supp. 2d at 1171.

For example, in Senftle, the court determined that the "plaintiff's allegations regarding defendant's violations of the FDCPA pertain[ed] to the manner in which [defendant] collected Senftle's debt, not the validity of the underlying debt." 390 F. Supp. 2d at 469. Thus, the court

concluded that Rooker-Feldman did not preclude subject matter jurisdiction because the plaintiff's injury did not relate to the state court's determination that the debt was valid. Id. at 470. Similarly, in Todd, the Sixth Circuit concluded that the plaintiff's FDCPA claims were not precluded by Rooker-Feldman because the plaintiff's claim was not that he was injured as a result of the state court judgment, but rather that he was injured by defendant's method of collection, that is, the filing of a false affidavit, which constituted an independent federal claim under the FDCPA. 434 F.3d at 436.

Moreover, in Foster, the court relied on Todd and held that Rooker-Feldman did not apply because "[p]laintiffs' alleged injuries here are not the result of the state court judgments themselves, but rather [result] from the allegedly illegal practices Defendants used to obtain those state court judgments." 463 F. Supp. 2d at 798. In Wyles, the court relied on the reasoning of Todd and Senftle and concluded that the plaintiff asserted a claim independent from the state court judgment where his FDCPA claim challenged the defendant's debt collection practices and not the validity of the debt itself. 2006 WL 2583200, at *2. In addition, in Anderson, the court reached the same conclusion, finding that "[i]n the matter under consideration Plaintiff does not challenge the validity of the State court's judgment; rather, Plaintiff's claim exclusively addresses [the defendant's] conduct in attempting to collect a debt in violation of the FDCPA." 2007 WL 1577610, at *6. Accordingly, we deny Ragan's Motion to Dismiss for lack of subject matter jurisdiction.

An appropriate Order follows.